38918. Delfino, appellant v. Paul Davies Chevrolet, Inc., appellee. ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮ Matthias, J.

1. A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month and, where the tenant occupying under such lease vacates the premises at the end of a month after fully prepaying the rentals then due, he is not liable to

the lessor for the rental installments accruing after such vacation, in an action at law based upon such defectively executed lease. (*Wineburgh* v. *Toledo Corporation*, 125 OhioSt. 219, approved and followed.)

2. The curative effect of Section 2719.-01, Revised Code, operates to validate instruments in relation to technical defects of content. It does not validate a lease which does not comply with the mandatory requirements of the statute of conveyances (Section 5301.01, Revised Code) as to execution.

3. Where the statute of conveyances (Section 5301.01, Revised Code) requires certain formalities for the execution of an instrument, reformation cannot be granted to supply these formalities.

4. Part performance to be sufficient to remove an agreement from the operation of the statute of conveyances (Section 5301.01, Revised Code) must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties in status quo.

Judgment affirmed.

Zimmerman, O'Neill, Herbert and Brown, JJ., concur.

Taft, C. J., and Schneider, J., concur in paragraphs one, two and three of the syllabus and in the judgment.